## Randolph Trust

*Ralph N. Teeters*, for accountant.

*Catherine R. Barone*, for Commonwealth.

ADJUDICATION BY TREDINNICK, J., JULY 7, 1981:

The account is filed because of the death on September 13, 1979 of Mary Norris Randolph, settlor. ***

The accountant has annexed to its account a copy of the first and final account of Provident National Bank as executor

under the will of Mary Norris Randolph and requests its confirmation "to the same extent as if it had been separately filed." The notices forwarded to all parties in interest made specific mention of the annexation of this account to the trust account.

Section 7188 of the PEF Code provides as follows:

> "*A trustee who has received property from a personal representative or from another trustee in distribution of an estate or another trust, may annex a copy of an* account of the administration of such estate or other trust to an account by the trustee concerning the administration of the trust under his management. If notice of the annexation . . . is given to the persons required to be notified of the filing of the trustee's account of the principal trust, confirmation of the principal account shall relieve both the trustee of the principal trust and the personal representative or trustee of the distributed estate or other trust of all liability to beneficiaries of the principal trust for transactions shown in the account so annexed to the same extent as if the annexed account had been separately filed and confirmed." Italics supplied.

In essence, the trust presently before the court provided that the net income thereof was payable to settlor for life, and upon her death, the principal was to be divided into as many equal shares as there should be children of hers then living, and to pay the net income to each such child for life, with remainder on the death of each to his or her respective issue, with cross remainders in default of issue.

The audit papers do not include a copy of the settlor's will, however, it is apparent from an examination of the trust account and the estate account that no portion of the estate poured over into the trust. There is no connection between the trust and the estate other than the fact that the settlor and the decedent were the same, and the trustee was also the executor. It is clear from the language of the statute itself that the trust must have received a distribution from the estate before the account in the latter may be annexed. The comment of the Joint State Government Commission to §7188 inferentially confirms this. (See 20 Pa.C.S.A. §7188 Supp; *Fiduciary Review,* Aug. 1976, p. 3.)

Accordingly, the estate account is not properly before the court, and no cognizance will be taken of it.

Subject to distributions heretofore properly made, the net

ascertained balances of principal and income are awarded as set forth under the last paragraph of the petition for adjudication.

Counsel for accountant shall file a schedule of distribution in duplicate.

The account is confirmed, and it is hereby ordered and decreed that the aforesaid trustee forthwith pay the distributions herein awarded.

SUPPLEMENT OF JULY 15, 1981 TO ADJUDICATION: The court has been supplied with a copy of the will of Mary Norris Randolph, which reflects a direction that the residue of the estate is to be paid over to the trust. Counsel has further called the attention of the court to the fact that, although there was no principal residue remaining in the estate, there was a small amount of income which was distributed from the estate to the trust. Accordingly, the executor's account was properly annexed to the trust account.